# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY JAY HOOKER,**
    **Petitioner-Defendant,**

v.                                         **Civil Action No. 5:14-cv-152**
                                             **Criminal Action No. 5:02-cr-28**
                                             **(Judge Stamp)**

**UNITED STATES OF AMERICA,**
    **Respondent-Plaintiff.**

## REPORT AND RECOMMENDATION/OPINION

### I.    INTRODUCTION

On November 18, 2014, Timothy Jay Hooker ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:14-cv-152, Docket No. 1; Criminal Action No. 5:02-cr-28, Docket No. 23.) That same day, the Clerk of Court issued a Notice of Deficient Pleading, directing Petitioner to file the Court-approved form for such motions within twenty-one (21) days. (Docket No. 25.)[1] Petitioner filed the Court-approved form on December 11, 2014. (Docket No. 27.)

The undersigned finds that a response from the Government is not necessary to address Petitioner's motion. Accordingly, the undersigned now issues this Report and Recommendation without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion.

### II.    FACTS

*A.    Conviction and Sentence*

On May 21, 2002, a Grand Jury sitting in the Northern District of West Virginia returned an

---

[1] From this point forward, unless otherwise noted, all docket entries refer to filings in Criminal Action No. 5:02-cr-28.

Indictment against Petitioner, charging him with four (4) firearms violations. (Docket No. 1.) On June 27, 2002, Petitioner signed a written plea agreement in which he agreed to plead guilty to Count Three, charging him with being a felon in possession of a firearm and an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). (Docket No. 16.) Petitioner appeared before United States District Judge Frederick P. Stamp, Jr. on July 2, 2002, to enter his plea of guilty. (Docket No. 17.) On August 19, 2002, Judge Stamp sentenced Petitioner to 180 months of incarceration, to run consecutively to "the undischarged sentence in the State of West Virginia. (Docket No. 20 at 2.)

**B.     *Direct Appeal***

Petitioner did not file a direct appeal.

**C.     *Habeas Corpus Motion***

In his motion, Petitioner asserts that counsel was ineffective for failing to challenge an "erroneous application of the USSG armed career criminal enhancement" because it "amounted to a fundamental miscarriage of justice." (Docket No. 27 at 5.) He also alleges that resentencing is "required under Descamps and Alleyne." (Id. at 6.) As to timeliness, Petitioner states: "Supreme Court and Appelate [sic] decisions allow for a defendant to come back after one year expiration when applied retroactively, therefore it is timely." (Id. at 13.)

### III.     ANALYSIS

A one-year statute of limitations applies to all motions brought pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). As § 2255(f) states, the one-year limitations period begins to run from four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Court also has the power to raise the issue of timeliness in habeas proceedings *sua sponte*.[2] Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002).

The one-year limitation period "begins running when direct review of the . . . conviction is completed or when the time for seeking direct review has expired, . . . unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date." Id. at 704. Petitioner was sentenced on August 19, 2002; he did not file a direct appeal. Accordingly, the statute of limitations under § 2255(f)(1) began to run on August 29, 2002, when Petitioner's time for filing a direct appeal expired.[3] It therefore expired on August 29, 2003. As noted above, Petitioner did not file the instant motion until November 18, 2014. Accordingly, Petitioner filed his motion **twelve years** after the statute of limitations under § 2255(f)(1) expired, and he cannot rely on that subsection to render his motion timely filed.

Petitioner does not allege (1) that the Government created an impediment to his ability to

---

[2] The Fourth Circuit has noted that in the majority of cases, "the district court should afford an opportunity for the habeas petitioner to respond [to the issue of timeliness] before the case is dismissed." Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). However, as noted above, Petitioner states that "Supreme Court and Appelate [sic] decisions allow for a defendant to come back after one year expiration when applied retroactively, therefore it is timely." (Docket No. 27 at 13.) Accordingly, it appears that Petitioner already recognizes that his motion has been filed out of time under § 2255(f)(1) and asks that § 2255(f)(3) be applied to render it timely. Therefore, the undersigned finds it unnecessary to raise the issue of timeliness *sua sponte* via a Hill v. Braxton notice.

[3] At the time of Petitioner's sentencing, Fed. R. App. P. 4(b)(1)(A) mandated that notice of appeal be filed within ten (10) days of the entry of the judgment or order being appealed.

timely file a § 2255 motion and (2) that his motion is based upon new facts. Accordingly, the undersigned finds that § 2255(f)(2) and (4) are inapplicable to Petitioner's case.

Petitioner invokes § 2255(f)(3) by stating that "Supreme Court and Appelate [sic] decisions allow for a defendant to come back after one year expiration when applied retroactively, therefore it is timely." (Docket No. 27 at 13.) Specifically, Petitioner relies upon the Supreme Court's recent decisions in Descamps v. United States, 133 S. Ct. 2276 (2013), and Alleyne v. United States, 133 S. Ct. 2151 (2013). In Descamps, the Court held that when a statute is not divisible between violent and nonviolent crimes, the reviewing court must simply use the categorical approach to determine whether the conviction in question qualifies as a predicate conviction under the Armed Career Criminal Act ("ACCT"). 133 S. Ct. at 2286. Specifically, the Court found that California's burglary statute was too broad to fit the normal or traditional definition of burglary and therefore could not qualify as a predicate offense under the ACCT. Id. at 2285-86. In Alleyne, the Court held that any factual issues triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." 133 S. Ct. at 2162. This holding extended the Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), wherein the Court found that any fact which increased the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury.

Several circuits have noted that Descamps is not retroactively applicable to cases on collateral review. See, e.g., Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014); Wilson v. Warden, FCC Coleman, 581 F. App'x 750, 753 (11th Cir. 2014); Baker v. Chapa, 578 F. App'x 464, 465 (5th Cir. 2014) (per curiam); United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014); United States v. Tenderholt, No. 14-8051, 2014 WL 7146025, at *1-2 (10th Cir. Dec. 16, 2014). As the Tenth

4

Circuit has stated, "[t]he Descamps opinion simply applied existing doctrine." Montes, 570 F. App'x at 831. At least two district courts within the Fourth Circuit have held that Descamps is not retroactively applicable. See Baker v. Zych, No. 7:13-cv-00512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014); Randolph v. United States, Nos. CCB-13-1227, CCB-09-0244, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that Descamps applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."). Other district courts around the country have agreed. See United States v. Mitchell, Nos. 3:03cr57/LC/CJK, 3:14cv313/LC/CJK, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (collecting cases). Accordingly, because Descamps does not apply retroactively, Petitioner cannot rely upon that decision to render his motion timely under § 2255(f)(3).

As to the Court's decision in Alleyne, the Fourth Circuit, in an unpublished decision, has noted that "Alleyne has not been made retroactively applicable to cases on collateral review." United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. Sept. 27, 2013). The Second, Third, Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits have held the same in published decisions. See In re Mazzio, 756 F.3d 487, 488 (6th Cir. 2014); United States v. Winkleman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91-92 (2d Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). As the Seventh Circuit has stated, the "Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. . . . This implies that the Court will not declare Alleyne to be retroactive." Simpson, 721 F.3d at 876 (internal citation omitted).

In addition, a number of district courts have determined that Alleyne should not be applied retroactively for the purposes of collateral attack. See, e.g., Williams v. United States, No. 5:13-CV-

00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); United States v. Reyes, No. 2:11-cv-6234, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013); Smith v. Holland, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D.Ky. Sept. 3, 2013); Smith v. Fed. Bureau of Prisons, No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013); United States v. Eziolisa, No. 3:10-cr-39, 2013 WL 3812087 (S.D. Ohio July 22, 2013); United States v. Stanley, No. 09-0022, 2013 WL 3752126 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 WL 3884176 (E.D. Mo. July 26, 2013). Recently, this Court noted its agreement with these courts. See Brooks v. United States, Nos. 5:14-cv-31, 5:11-cr-41, 2014 WL 5091973, at *5 (N.D. W. Va. Oct. 9, 2014). Accordingly, because Alleyne does not apply retroactively, Petitioner cannot rely upon that decision to render his motion timely under § 2255(f)(3).[4]

The undersigned further notes that even if Descamps and Alleyne were retroactively applicable to cases on collateral review, Petitioner's motion would still be untimely. Section 2255(f)(3) requires motions to be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided Alleyne on June 17, 2013, and Descamps on June 20, 2013. However, Petitioner did not place his motion into the prison mailing system until November 13, 2014. (Docket No. 23 at 12.) Accordingly, Petitioner's motion remains untimely, and the undersigned recommends that it be denied and dismissed.

---

[4] In any event, the undersigned finds that Alleyne would also not apply to Petitioner's case because, by entering into a plea agreement, Petitioner waived his right to a jury trial. By doing so, Petitioner "waived his right for a jury to make sentencing determinations beyond a reasonable doubt." Newlen v. United States, Nos. 5:13-cv-112, 5:11-cr-24, 2014 WL 1787779, at *3 (N.D. W. Va. May 5, 2014); see also Grantham v. United States, Nos. 5:13-cv-104, 5:10-cr-37, 2014 WL 296937, at *3-4 (N.D. W. Va. Jan. 27, 2014) (finding same).

6

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 5:14-cv-152, Docket No. 1; Criminal Action No. 5:02-cr-28, Docket No. 23) be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely filed.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy of this Report and Recommendation by certified mail, return receipt requested, to the *pro se* Petitioner Timothy Jay Hooker.

DATED: December 23rd, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE