IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY JAY HOOKER,

    Petitioner

v.                               Civil Action No. 5:14CV152
                               (Criminal Action No. 5:02CR28-01)
UNITED STATES OF AMERICA,                (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On November 18, 2014, Timothy Jay Hooker filed a pro se[1] petition requesting that this Court vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The petitioner requests that this Court vacate his conviction of 180 months of incarceration for being a felon in possession of a firearm and an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). This conviction was entered after the petitioner had signed a written plea agreement and entered a plea of guilty before this Court.

In his petition, the petitioner asserts that his counsel was ineffective for failing to challenge the application of the armed career criminal enhancement under the United States Sentencing

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Guidelines ("U.S.S.G."). The petitioner requests that he be re-sentenced pursuant to two recent United States Supreme Court cases, Alleyne v. United States, 133 S. Ct. 2151 (2013), and Descamps v. United States, 133 S. Ct. 2276 (2013). The petitioner argues that his petition is timely as a defendant is allowed to come back to assert his claims after the one year has expired which bars collateral review for a defendant if the Supreme Court has issued a decision that should be applied retroactively.

The underlying petition was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Kaull entered a report recommending that the petitioner's § 2255 petition be denied and dismissed with prejudice based upon his finding that a § 2255 petition is not available to this petitioner because neither Alleyne nor Descamps is retroactively applicable to the petition. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge is affirmed and adopted in its entirety.

II. Discussion

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

All § 2255 petitions are subject to a one-year statute of limitations period which begins to run from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The petitioner contends that he is entitled to have the third option above applied to him pursuant to either Alleyne or Descamps.

A. Retroactivity of *Alleyne* and *Descamps*

1. *Alleyne*

The magistrate judge found that Alleyne was not to be applied retroactively to the petitioner's claims. In Alleyne, the United States Supreme Court held that any factual issue triggering a

3

statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162. This holding extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), wherein the Supreme Court found that any fact which increased the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. According to the United States Court of Appeals for the Second, Third, Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits, Alleyne has not been made retroactively applicable to cases on collateral review.[2] The United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, has held the same. United States v. Stewart, 540 F. App'x 171, 172 n. * (4th Cir. Sept. 27, 2013). Further, the Seventh Circuit found this is so because Alleyne is merely an extension of Apprendi, and the Supreme Court has decided that other rules based on Apprendi do not apply retroactively on collateral review, this implies that Alleyne is

---

[2]See In re Mazzio, 765 F.3d 487, 488 (6th Cir. 2014); United States v. Winkleman, 764 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250, n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91-92 (2d Cir. 2013)(per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).

4

also not to be retroactively applied. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).

This Court agrees with such reasoning and finds that such rule should not be applied retroactively on collateral review, as it is not a watershed rule of criminal procedure as described in O'Dell v. Netherland, 521 U.S. 151 (1997). Further, this decision is in line with numerous other courts that have also found that Alleyne should not be retroactively applied because it is a mere extension of Apprendi. See United States v. Reyes, No. 2:11cv6234, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 WL 3812087 (S.D. Ohio July 22, 2013); United States v. Stanley, No. 09-0022, 2013 WL 3752126 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 WL 3884176 (E.D. Mo. July 26, 2013).

Thus, based on the above, this Court has held and holds in this action that Alleyne is not to be applied retroactively. As such, this Court agrees with the magistrate judge that Alleyne is not applicable to this action and cannot afford the petitioner relief pursuant to § 2255(f)(3). Thus, such a finding was not clearly erroneous.

2.  *Descamps*

The magistrate judge also found that Descamps was not to be applied retroactively to the petitioner's claims. The Supreme Court held in Descamps that courts may not apply the modified

5

categorical approach to sentencing under the Armed Career Criminal Act ("ACCA") when the crime of which the defendant was convicted has a single, indivisible set of elements. Descamps, 133 S.Ct. at 2286. The Supreme Court, however, did not state whether or not Descamps should be applied retroactively.

As the magistrate judge noted, several circuits have found that Descamps is not retroactively applicable to cases on collateral review. Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014); Wilson v. Warden, FCC Coleman, 581 F. App'x 750, 753 (11th Cir. 2014); Baker v. Chapa, 578 F. App'x 464, 465 (5th Cir. 2014)(per curiam); United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014); United States v. Tenderholt, No. 14-8051, 2014 WL 7146025, at *1-2 (10th Cir. Dec. 16, 2014). Further, two district courts within the Fourth Circuit have held that same. See Baker v. Zych, No. 7:13-cv-00512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014); Randolph v. United States, Nos. CCB-13-1227, CCB-09-0244, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013). As the Tenth Circuit has stated "the Descamps opinion simply applied existing doctrine" and thus should not be applied retroactively. Montes, 570 F. App'x at 831.

This Court agrees with such reasoning and finds that Descamps should not be applied retroactively. As such, this Court finds that the magistrate judge's finding that Descamps should not be applied was not clearly erroneous.

6

B.  <u>Untimeliness</u>

Further, as the magistrate judge noted, even if <u>Alleyne</u> or <u>Descamps</u> were to be applied retroactively, those cases were decided over a year before the petitioner filed his petition in this action. <u>Alleyne</u> was decided on June 17, 2013; <u>Descamps</u> was decided on June 20, 2013; and the petitioner placed his petition in the prison mailing system on November 13, 2014. Thus, the petitioner filed outside of the one year extension that would have been granted by § 2255(f)(3).

## III.  <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2255 is DENIED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 26, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE