IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY JAY HOOKER,

    Petitioner,

v.                                    Civil Action No. 5:16CV58
                                      (Criminal Action No. 5:02CR28)
UNITED STATES OF AMERICA,                   (STAMP)

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER
GRANTING PETITIONER'S § 2255 MOTION,
DIRECTING THE UNITED STATES PROBATION OFFICE
TO PREPARE A REVISED PRESENTENCE REPORT,
APPOINTING COUNSEL AND
GRANTING IN PART AND DEFERRING IN PART
PETITIONER'S MOTION FOR IMMEDIATE RELEASE AND
TO VACATE SENTENCE OF SUPERVISED RELEASE</u>**

    The petitioner, Timothy Jay Hooker ("Hooker"), filed this <u>pro se</u>[1] motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). Hooker's motion was filed with prior authorization to file a second or successive § 2255 motion from the United States Court of Appeals for the Fourth Circuit. Hooker also filed a motion requesting his immediate release pending resentencing and a request that this Court vacate his sentence of supervised release. The government filed a response stating its position that the petitioner is entitled to resentencing. For the following reasons,

---

    [1]"<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1416 (10th ed. 2014).

Hooker's § 2255 motion is granted and his motion for immediate release and to vacate his sentence of supervised release is granted in part and deferred in part. Accordingly, Hooker shall be resentenced in accordance with this memorandum opinion and order.

I. Background

The petitioner plead guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). This Court sentenced him to a mandatory minimum sentence of fifteen years of imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). This Court found that the petitioner was an armed career criminal under the ACCA because he had committed three prior offenses categorized as "violent felon[ies]" under § 924(e)(2)(B). Specifically, the defendant was previously convicted of daytime entering a dwelling house without breaking, nighttime burglary, and breaking and entering in West Virginia. Based on the petitioner's classification as an armed career criminal, the petitioner received a sentencing enhancement under United States Sentencing Guideline § 4B1.4 and received a sentence at § 924(e)'s mandatory minimum.

The petitioner and government both argue that at least one of the petitioner's prior convictions was categorized as a "violent felony" under the "residual clause" of the ACCA, which provides that, in addition to certain enumerated offenses, a "violent felony" is "any crime punishable by imprisonment for a term

2

exceeding one year, [and] that . . . **otherwise involves conduct that presents a serious potential risk of physical injury to another**." 18 U.S.C. § 924(e)(2)(B) (emphasis added). In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. Recently, the Supreme Court held that its decision in Johnson announced a substantive rule that applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016). Thus, if at least one of the petitioner's predicate offenses was defined as a violent felony under the residual clause, he must be resentenced without § 924(e)'s mandatory minimum.

## II. Discussion

A. Relief Under Johnson

After reviewing the record in light of Johnson and Welch, it appears that those holdings apply to the petitioner's sentence. The petitioner's prior conviction for daytime entering a dwelling house without breaking was classified as a violent felony under the ACCA's residual clause.

After Johnson, an offense is a violent felony if "it is punishable by imprisonment for a term exceeding one year" and it either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or (2) "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B). "To determine whether a past conviction

3

is for [burglary, arson, or extortion], courts use what has become known as the 'categorical approach.'" Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). Courts must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." Id. "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. "[I]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. The key . . . is the elements, not facts." Id. at 2283.

The elements for daytime entering a dwelling without breaking are that the defendant (1) entered the dwelling house of another, (2) without breaking, (3) in the daytime, and (4) with intent to commit a felony or larceny therein. W. Va. Code § 61-3-11(b).[2] This offense does not include "as an element the use, attempted use, or threatened use of physical force against the person of

---

[2]This Court notes that West Virginia Code § 61-3-11 is a divisible statute, criminalizing two distinct sets of conduct. Compare W. Va. Code § 61-3-11(a) (criminalizing breaking and entering into a dwelling house and nighttime entry without breaking of a dwelling house), with id. § 61-3-11(b) (criminalizing daytime entry of a dwelling house without breaking). Thus, under the modified categorical approach, this Court is permitted to review the charging papers related to Hooker's prior conviction for the sole purpose of determining which offense set out in West Virginia Code § 61-3-11 he committed. Descamps, 133 S. Ct. at 2285-86. Reference to those documents makes clear that Hooker was charged and convicted of violating West Virginia Code § 61-3-11(b), criminalizing daytime entering a dwelling without breaking.

4

another." 18 U.S.C. § 924(e)(2)(B)(i). Further, it clearly does not involve use of explosives and is not arson or extortion. Nor is it "burglary" as that term is used in the ACCA.

Under the ACCA, the generic elements of burglary are (1) unlawful or unprivileged, (2) entry into or remaining in, (3) a building or structure, (3) with intent to commit a crime. Taylor v. United States, 495 U.S. 575, 599 (1990). The West Virginia Supreme Court of Appeals has held that "unauthorized entry is not a required element of burglary by breaking and entering" or for "daytime burglary by breaking and entering" under West Virginia Code § 61-3-11(a). The court concluded that because the statute does not expressly require that the entry be unauthorized, that element cannot be read into the offense. Id. While the court has not expressly applied this holding to daytime entering a dwelling without breaking under § 61-3-11(b), that provision also does not include express language requiring that the entry be unauthorized. Accordingly, daytime entering a dwelling without breaking in violation of West Virginia Code § 61-3-11(b) does not include as an element that the entry be unlawful or unprivileged. Thus, the offense sweeps more broadly than the generic elements of "burglary" as used under the ACCA.

After Johnson, Hooker's prior conviction for daytime entering a dwelling without breaking is not a "violent felony" under 18

U.S.C. § 924(e). Therefore, the petitioner must be resentenced in light of Johnson.

B.  Pre-resentencing Release and Vacatur of Supervised Release

Hooker requests that he be released pending resentencing and that this Court vacate his sentence of five years of supervised release. The government does not object to Hooker's request for immediate release, but does object to his request for vacatur of his term of supervised release. This Court believes it would be beneficial to first review the revised presentence report and any other relevant documents before making a determination regarding the imposition of any term of supervised release. Accordingly, this Court defers a determination on Hooker's request for vacatur of his term of supervised release until the time of resentencing.

As for his request for immediate release, it appears that Hooker began serving his sentence of 180 months of imprisonment on November 20, 2003. Thus, Hooker has served almost 152 months of imprisonment. Because the ACCA's fifteen-year mandatory minimum no longer applies to Hooker's conviction, the maximum sentence of imprisonment that could be imposed is ten years, or 120 months of imprisonment. 18 U.S.C. § 924(a)(2). This Court finds that Hooker has served at least 120 months imprisonment, satisfying the maximum sentence of imprisonment that could be imposed. Accordingly, Hooker's request for pre-resentencing release is granted as provided in further detail below.

6

III. <u>Conclusion</u>

For the foregoing reasons, the petitioner's motion to vacate his sentence under 18 U.S.C. § 2255 (ECF Nos. 1, 2/36) is GRANTED. Accordingly, the petitioner shall be resentenced in accordance with this memorandum opinion and order. The United States Probation Office is DIRECTED to prepare a revised presentence report in accordance with this memorandum opinion and order and in light of <u>Johnson</u> and <u>Welch</u>. Further, it is ORDERED that Hooker be appointed counsel to represent him in all resentencing proceedings. This Court will designate the appointed counsel at a later date by separate order. Upon receipt and review of the revised presentence report, this Court will schedule a hearing to resentence the petitioner.

Further, the petitioner's motion requesting immediate release and vacatur of his sentence to a term of supervised release (ECF No. 53) is GRANTED IN PART and DEFERRED IN PART. Accordingly, the Federal Bureau of Prisons is ORDERED to release the petitioner as soon as practicable from his current facility of incarceration, which appears to be United States Prison McCreary in Pine Knot, Kentucky. It is ORDERED that the petitioner shall report to the United States Probation Office at **1125 Chapline Street, Wheeling, West Virginia 26003** within 72 hours of his release. At that time, the petitioner shall submit to an appropriate bond subject, at a

minimum, to this Court's standard conditions to ensure his appearance at the resentencing hearing.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the petitioner by certified mail, to counsel of record herein, to the United States Probation Office, to the United States Marshals Service, to the Federal Bureau of Prisons at USP-McCreary, P.O. Box 3000, Pine Knot, Kentucky 42635, and to Lisa A. Coleman, CJA Panel Administrator, Office of the Federal Public Defender for the Northern District of West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 18, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE